629 A.2d 1350

CARL HOROSZ AND MARY HOROSZ, HIS WIFE, PLAINTIFFS–
APPELLANTS, v. ALPS ESTATES, INC., A NEW JERSEY COR-
PORATION, JACOB KURZER AND DAVID ROSEN, JOINTLY,
SEVERALLY OR, IN THE ALTERNATIVE, INDIVIDUALLY,
DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 22, 1993—Decided July 28, 1993.

Before Judges PRESSLER and PETRELLA.

*Edward J. Bowen* argued the cause for appellants.

*Thomas R. Raimondi* argued the cause for respondents (*Diamond, Afflitto & Raimondi*, attorneys; *Mr. Raimondi*, on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

On the date fixed for trial the Law Division judge determined as a preliminary matter that the complaint by Carl and Mary Horosz against Alps Estates, Inc. and Jacob Kurzer and David Rosen, builders and developers, was barred by the ten-year period of limitations in *N.J.S.A.* 2A:14–1.1.[1] The judge dismissed the complaint.

Plaintiffs argue on appeal that the judge erred in failing to calculate the ten-year statutory period of repose from the time in 1983 when the defendants made repairs to the premises they had originally constructed in 1977. The Horoszes also argue that the Law Division judge's ruling improperly gives a special status to the original builder which would not have been enjoyed by any other contractor they might have engaged in 1983 to undertake the subsequent repairs. Finally, plaintiffs argue that the judge erred in requiring them to bear the burden of proof on the statute of limitations issue.

---

[1] *N.J.S.A.* 2A:14–1.1 is entitled "10 years; damages for injury from unsafe condition of improvement to real property" and states in pertinent part:

No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or for any injury to property, real or personal ... arising out of the defective and unsafe condition of an improvement to real property ... shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction....

The Horoszes purchased their home at 19 Stagg Road in Wayne, New Jersey on June 14, 1977 from defendant Alps Estates, the owner and builder. When plaintiffs started experiencing problems with the house in 1981 they contacted the builder. Jacob Kurzer, the representative of Alps Estates, responded and introduced Joseph Barbieri, an engineer, to the Horoszes. Barbieri thereafter submitted a report and corrective work was begun on the house in October 1982. This work included jacking up the house and digging under its right rear corner. Tree trunks and construction debris were found buried under the hallway and the garage in that area of the house. Alps Estates then engaged a soils engineer, one Thomas E. Tully of Melick Tully and Associates, Inc., who submitted a report which indicated that the foundation and slab settlement had been caused by a buried fill layer located beneath a portion of the house. The report stated that based on the results of test borings, it appeared that the fill was generally limited to the areas of the garage and laundry room where the most significant structural distress had been observed.

Subsequent to the test borings, further excavation uncovered large tree trunks and construction debris under the house. Alps Estates then performed corrective work to the underpinning of the house and reconstruction of the right rear of the house. The house was returned onto its foundation on January 26, 1983. Alps Estates completed additional work by April 25, 1983.

In January 1989, plaintiffs observed that various portions of the house were slanting. Plaintiffs represented in their papers that the new problem was a few feet away from where the builder had stopped construction in January 1983 on the first repair. Plaintiffs also represented that although they had requested that the entire foundation be dug out in 1983, they were assured by Barbieri and Kurzer that this was not necessary. They again contacted Kurzer who came to inspect the premises on May 3, 1989. According to plaintiffs, Kurzer promised to have the house inspected and a report provided within two weeks. Nothing was done thereafter by the builder. Plaintiffs filed a complaint on

September 28, 1989, alleging negligent performance of the work that had been done in 1983; knowing concealment of a material fact; Consumer Fraud Act violations; and breach of implied and express warranties.

According to plaintiffs, the house continued to deteriorate and plaintiffs had to have the house jacked up and excavated in November 1991. A test pit which was dug at that time disclosed that trees and building debris were buried to a depth of eighteen to twenty feet under the ground level.

Defendants maintain that the trial judge correctly applied the ten year period of the statute of limitations from the date of the June 14, 1977 closing of title to the property.

While we agree with the trial judge that the ten-year statute applies because the services or construction involved a structural component [2] of the improvement to real property, the trial judge erred in fixing the date upon which the statute started to run. The statute started to run in 1983 at the conclusion of defendants' services and construction work in connection with the repairs to a structural component of plaintiffs' building. Hence, the suit by the Horoszes against defendants was timely. We made it clear in *Welsh v. Engineers, Inc.*, 202 *N.J.Super.* 387, 397, 495 *A.*2d 160 (App.Div.1985), that the time period under *N.J.S.A.* 2A:14–1.1 runs "from the final date the person claiming repose and immunity from suit furnishes any and all services it has undertaken at the job site." The time period governing the services involved in the reconstruction work and related claim against Alps Estates thus ran anew when the 1983 work was completed. Hence, the complaint filed in 1989 was timely based on the defects discovered after the 1983 work. Moreover, it is obvious that if there was a claim that a different contractor, *i.e.,* one other than the builder, negligently performed the 1983 structural work on the premises, the statute would run from the date of

---

[2] *See Rolnick v. Gilson & Sons, Inc.,* 260 *N.J.Super.* 564, 568, 617 *A.*2d 288 (App.Div.1992).

such repair. The mere fact that the builder performed the 1983 repairs, rather than a new contractor, makes no difference in the legal principles applicable here.

In light of our decision we need not discuss at length the Law Division's alleged improper allocation of the burden of proof with respect to the running of the statute.

Accordingly, the July 20, 1992 order of the Law Division is reversed and the matter is remanded for trial.